
FILED  LODGED
RECEIVED
NOV 10 2004
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-01-1030-3-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| KAJO HOLLIDAY, | |
| Defendant. | |

On October 7, 2004, this court sent a copy of Warden DeRosa's letter of September 20, 2004 to counsel of record in this case. We now have before us the government's Response to the Bureau of Prisons' Determination of Credit for Time Served, and the defendant Kajo Holliday's Position Concerning Credit for Time Served.

The judgment in this case expressly stated that the defendant was not entitled to credit for time served pursuant to tribal, in contrast to federal, process. The Supreme Court of the United States has held that the double jeopardy provisions of the Constitution are not violated by separate tribal and federal prosecutions. *United States v. Wheeler*, 435 U.S. 313 (1978).

This court is of the view that the defendant is entitled to credit only for detention time served in connection with the federal offense, not a tribal offense. Accordingly, the judgment stands.

The clerk of the court shall send a copy of the government's response, the defendant's memorandum, and this order to Warden DeRosa in response to his letter of September 20, 2004.

DATED this 8th day of November, 2004.

Frederick J. Martone
United States District Judge